12

UNITED STATES DISTRICTS COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

KIMBERLY HARRIS

    Plaintiff,

Case: 2:26−cv−12648
Assigned To : White, Robert J.
Referral Judge: Patti, Anthony P.
Assign. Date : 7/31/2026
HARRIS V. TACO BELL OF AMERICA,
LLC, et al. (CMC)

VS

Case No:

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

TACO BELL OF AMERICA, LLC, a Delaware Limited liability company; TACO BELL CORP., a

California corporation; TAYLOR FRESH FOODS, INC., a Delaware corporation; TAYLOR FARMS

CALIFORNIA, INC., a Delaware corporation; and JOHN DOE CORPORATIONS

_____/

NOW COME Plaintiff Kimberly Harris In Pro. Per and state as follows:

**I. PARTIES**

1. Plaintiff Kimberly Harris, address is 11519 Republic, Warren, Michigan, 48089, are now, and were at all times material to this Complaint, resident and citizen of Warren, Macomb County, Michigan. On or about June 12, 2026, she purchased and consumed food products containing Taylor Farms Lettuce from a Taco Bell in Warren, Macomb County, Michigan. **See exhibit A for a copy Plaintiff credit card receipt showing she purchased food from Defendant Taco Bell June 12, 2026.** On or about July 6, 2026 Plaintiff started feeling sever stomach cramping, fatigue, severe diarrhea and dizziness. **Plaintiff had a liver transplant 2008 and as a result of the Cyclospora infection there is a high probability it will increase health issues for her for the rest of he life. Some of those health triggered by the Cyclospora infection could cause her to die.** Plaintiff visited an urgent care center

in Warren, Macomb County, Michigan. On July 20, 2026 Plaintiff was tested for Cyclospora. On July 23, 2026 Plaintiff received a text from **Nurse Takako T, RN** that states as follow "Hello Kimberly, We tried calling you earlier but you were unavailable. The following is a message from **Dr. Murphy. Your PCR testing was POSITIVE for CYCLOSPORA.** I hope the antibiotics are starting to work. **IT APPEARS HER TRANSPLANT TEAM IS AWARE BUT I WILL INCLUDE THEM ON THIS MESSAGE AS WELL.** Again, if her diarrhea is not stopping by day 6-7 of antibiotics, please contact us and we'll extend the course to 14 days." In addition, Plaintiff could not take her medicine for her liver transplant for seven days because it would interfered with the antibiotics they gave her to take for the Cyclospora. Plaintiff was severe sick when she did not take her medication for her transplant and she still feel the medical affects for not the transplant medication. **See exhibit B for a copy of the message for Nurse Takako T, RN**

**Defendants**

2. Defendant Taco Bell of America, LLC, business address is, **Glen Bell, 1 Way W1129, Irvine, California, 92618,** is a limited liability company organized under the laws of Delaware, with a principal place of business in Irvine, California. Taco Bell of America is the franchiser entity that licenses and franchises Taco Bell restaurants.

3. Defendant Taco Bell Corp, business address is, **Glen Bell, 1 Way W1129, Irvine, California, 92618** is a corporation organized under the laws of California with a principal place of business in Irvine, California.

4. Defendant Taylor Fresh Foods, Inc. business address is, **150 Main St, Salinas, California, 93901** is a nationwide producer, manufacturer, and distributor of vegetables. It is a corporation organized under the laws of Delaware, with a principal place of business in Salinas, California.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. 1332 because there exists complete diversity between the Parties and the amount in the count $25,000,000, exclusive of interests and cost.

## VENUE

6. Venue is proper in the judicial district under 28 U.S.C. 1391 because a substantial part of the acts and omissions giving rise to the claims asserted occurred in this District. Plaintiff reside in this District, purchased the contaminated food products within this District.

## FACTUAL ALLEGATIONS

**A. Defendant Taylor Farms Has a Long History of Negligently Producing and Supplying Contaminated Food Products:**

7. Taylor Farms was founded by CEO Bruce Taylor in 1995 in Salinas Valley California. It manages dozens of production facilities in the United States, Canada, Mexico, and Western Europe. It grows one-quarter of its own produce and partners with family-owned farms to supply the rest.

8. Defendant Taylor Farms supplies lettuce and other produce to some of the country's largest retailers, including Walmart, Costco, Target, and Whole Foods, and restaurant chains Taco Bell and McDonald's.

9. Defendant Taylor Farms states that it is committed to quality, assured supply, innovation, sustainability, and food safety. Defendant Taylor Farms states in part on its website: **"Food safety isn't just a protocol – it's a promise we make every day. At Taylor Farms, we believe that providing fresh, high quality produced starts long before the harvest. It begins with a tiny sprout nurtured in rich, healthy soil and continues through careful harvesting, meticulous processing, and swift delivery to your local grocery store.**

Taylor Farms is a force for good for people and our community. Our mission is to ensure that every leaf, every vegetable, and every product that reaches your table is not only fresh and delicious but also **SAFE FOR YOUR FAMILY."**

10. Plaintiff assert, despite Defendant Taylor Farms representation of safe food, Defendant Taylor Farms has a documented history of producing and supplying contaminated food products:

I. In 2013, Defendant Taylor Farms produced and supplied salad mixes to Olive Garden and Red Lobster restaurants which were contaminated with **CYCLOSPORA.** That outbreak, from June to August 2013, caused approximately 631 individuals in 25 states to contract **CYCLOPORIASIS.**

**II.** In 2020, Defendant Taylor Farms recalled several products containing onions due to concerns they could be contaminated with Salmonella.

III. In 2024, Defendant Taylor Farms supplied silvered onions for McDonald's Quarter Pounders that were contaminated with E.coli. That outbreak led to one death, thirty-four hospitalizations, and more than a hundred illness, according to the FDA. **The FDA found dozens of violations at a Colorado Taylor farms facility that supplied the onions, including dirty equipment.**

**B. Defendant Taco Bell have a Have Long History of Selling Contaminated Food:**

Defendant Taco Bell states on their website to consumers that **"Food quality and safety are our top priorities at Taco Bell. We've partnered with suppliers, industry experts, regulatory groups, and even our competitors to improve food safety from farm to restaurant."**

I. In 2006, about 71 people contracted E. coli, and 53 were hospitalized, after eating at Taco Bell locations in four states. It was determined that lettuce was likely the source of the bacteria.

II. 2012-2013 30 people were sickened by a E. coli outbreak due to contaminated lettuce in a Taco Bell in Canada.

Defendant Taco Bell knew or should have known that obtaining lettuce from Defendant Taylor Farms without taking additional precaution to test or clean the lettuce would predictably result in another out break.

III. Defendant Taco Bell control the supply chain for their ingredients and decide which testing, if any, is and is not performed on any obtained ingredients that will be sold to consumers. Defendant Taco Bell also institute specific procedures for how obtained ingredients are stored, handled, and served at the franchises. In addition, as a result Defendant Taco Bell franchises who prepared and served food to Plaintiff acted as the actual and/or apparent agents, servants and/or employees of the Defendant Taco

Bell, acting within the course and scope of that agency and authority, and the Defendant Taco Bell are vicariously liable for their acts and omissions.

## C. The 2026 Cyclospora Outbreak

11.  On and around about May 2026 numerous cases were being reported daily in Michigan and given Michigan only reports approximately 40-50 Cyclosporiasis cases per year, this establish the sign of a significant outbreak.  By mid-July, hundreds of cases were being reported daily.  In addition, Michigan, as of most recent published data, has the highest number of victims of Cyclosporiasis when compared to any state in the country.

12.  The CDC and FDA have traced the infectious back to lettuce produced and supplied by Defendant Taylor Farms and sold by retailers and restaurants, including Taco Bell.

13.  Defendant Taylor Farms has recalled the lettuce, and it is no longer on the menu at Taco Bell locations.

14.  Plaintiff assert, this recall does not alleviate the harm suffered by Plaintiff who purchased and consumed contaminated lettuce from Taco Bell, became severely ill, and suffered damages as previously stated in this complaint.  This harm was a direct and proximate result of Defendants conduct in the production, supply, and sale of the contaminated lettuce to Plaintiff.

## D. CAUSE OF ACTION NEGLIGENCE AS TO ALL THE DEFENDANTS

15.  Defendants had a duty to manufacture, produce, store, supply, and sell safe food products that Plaintiff would ultimately consume.  Defendants had a duty to comply with the Federal Food Drug and Cosmetic Act, and similar Michigan food and public health statutes, including without limitations the provisions of **MCL 289.5101** that prohibits the manufacture and sale of any food that is adulterated or produced in unsanitary conditions.  These regulations establish a positive and definite standard of care in the manufacture and sale of food.  The violations of these regulations constitutes evidence of negligence.

16. Plaintiff assert, the lettuce that Defendants manufactured and sold, and that Plaintiff purchased and consumed, was adulterated within the meaning of the federal food, Drug and Cosmetic Act, and similar Michigan statues, because it contained a deleterious substance that rendered it injurious to health, i.e., the Cyclospora parasite.

17. Plaintiff assert, she is in the class of persons intended to be protected by these statutes and regulations and were injured as the direct and proximate result of the Defendants violation of applicable federal, state, and local food safety regulations.

18. Plaintiff assert, Defendant Taco Bell had a duty, given its knowledge of prior outbreaks of Cyclospora and other pathogens on leafy greens lettuce and other produce, to take reasonable measures to ensure that the produce utilized by its restaurants nationally were safely grown, were not grown in proximity to recognized vectors for transmission of Cyclospora; and were not grown under conditions, generally, that are known, or reasonably should be known, to the food industry to be unsafe.

19. Plaintiff assert, it was reasonably foreseeable to Defendants, based on their history of contaminated for recalls, especially those concerning lettuce, that certain safety practices had to be followed in order to ensure that Cyclospora would not appear on food products to be consumed and sicken individuals.

## E. STRICT PRODUCT LIABILITY AS TO ALL DEFENDANTS:

20. Plaintiff assert, the contaminated food product that the Defendants manufactured, distributed, and/or sold was, at the time it left the Defendants control, defective and unreasonably dangerous for its ordinary and expected use because it contained Cyclospora, a potentially deadly pathogen. In addition, Defendants owed a duty of care to Plaintiff to design, manufacture, and,or sell food that was not contaminated, that fit for human consumption, that was reasonably safe in construction, and that was free of pathogens or other substances injurious to human health. Defendant breached this duty.

## F. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

21. Plaintiff assert, the Defendants produced, distributed, and sold the contaminated food products that injured Plaintiff and caused their respective Cyclosporiasis infections. Defendants are, therefore, a

manufacturer, distributor, and/or seller of an adulterated food product, and the adulterated food product reached Plaintiff without substantial change from the condition in which it was sold by Defendants.

22. Plaintiff assert, Defendants knew or should have known the food sold product by Defendants and ultimately consumed by Plaintiff, which was contaminated with Cyclospora, would not pass without exception in the trade and was thus in breach of the implied warranty of merchantability.

23. Plaintiff assert, privity exists between Plaintiff and Defendants because Defendants impliedly warranted to Plaintiff through the warranting, packaging, advertising, marketing, and labeling that the food products were high quality, healthy, safe, and suitable for human consumption, and by failing to make any mention of Cyclospora contamination.

## G. VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT MCL 44.901, et seq.

### As to All Defendants

24. Plaintiff assert, Defendants concealed and/or failed to disclose the true nature of the contaminated food products, as described herein and otherwise engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment , suppression, or omission of a material fact with intent that others, including Plaintiff rely upon such concealment, suppression, or omission, in connection with the sale of contaminated food products.

## H. GROSS NEGLIGENCE

25. Plaintiff assert, Defendants conduct, as set forth above, constitutes gross negligence, conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. Therefore, as a direct and proximate result of the grossly negligent conduct of the Defendants, Plaintiff suffered the injuries and damages set forth herein.

### REQUEST FOR RELIEF

A. Plaintiff's pray this court enter judgment in her favor against the Defendants.

B. Plaintiff's economic damages, Plaintiff's non-economic damages, incidental damages, consequential damages, exemplary damages, and punitive damages. Damages for general pain and

suffering, damages for loss of enjoyment of life, both past and future; medical and medical related

expenses, both past and future; travel and travel-related expenses, past and future; emotional distress,

past and future; pharmaceutical expenses, past and future; lost wages, past and future; and all other

damages that would or could be reasonably anticipated to arise under the circumstances.

C.  Such other and further relief the Court deems just and proper.

Date: 7-31-26

11519 Republic

WARREN, MI 48089

586-251-3995

KIMBERLY HARRIS

Case 2:26-cv-12648-RJW-APP   ECF No. 1, PageID.9   Filed 07/31/26   Page 9 of 12



## Welcome:

| Summary | Contacts | **Account Info** | Verification | Treasury Mgmt/Business Bundle | | KIMBERLY HARRIS | End Session |

Active Account: **Asterisk-Free Checking - 02381344409**

Transaction Search

### Enter Search Criteria:

¤ From: 06/11/2026

¤ To: 07/27/2026

Amount : < Select >

Check No : < Select >

Item Type : <Select>

Search    Reset    Cancel

| Date | Number | Type | Payee | Debit | Credit | Running Balance |
|------|--------|------|-------|-------|--------|-----------------|
| 06/11/2026 | 983051 | Credit | MONEYSEND TRANS    CASH APP*KIMBE | | 132.76 | 117.72 |
| 06/11/2026 | 370001 | ATM/POS | PURCHASE        DOLLAR TREE  ***********9640 | 13.83 | | 103.89 |
| 06/11/2026 | 393039 | Check | WITHDRAWAL | 112.00 | | -8.11 |
| 06/12/2026 | 0 | Debit Card | TACO BELL #16415  ***********9640 | 5.28 | | -13.39 |
| 06/15/2026 | 48618800 | Deposit | ATM CASH DEPOSIT | | 150.00 | |

Participants



**Nurse Takako T, RN**
Jul 23, 12:25 PM

Hello Kimberly,
We tried calling you earlier but you were unavailable. The following is a message from Dr. Murphy.

Your PCR testing was POSITIVE for Cyclospora. I hope the antibiotics are starting to work.
It appears her transplant team is aware, but I will include them on this message as well.

Again, if her diarrhea is not stopping by day 6-7 of antibiotics, please contact us and we'll extend the course to 14 days.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KIMBERLY HARRIS

## DEFENDANTS
TACO BELL OF AMERICA, LLC, TACO BELL CORP, TAYLOR FARMS CALIFORNIA INC, JOHN DOE CORPORATIONS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
IN PRO-PER
11519 Republic, WARREN, MI 48089

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____      DOCKET NUMBER _____

DATE
January 23, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :